UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S SUBSCRIBING TO POLICY NO. ANE2335078.20,<br><br>Plaintiff,<br><br>v.<br><br>28-30 B STREET ACQUISITIONS, LLC and CHARLES AGGOURAS,<br><br>Defendants. | CIVIL ACTION NO. |

**COMPLAINT FOR DECLARATORY JUDGMENT**

This is an action brought by the Plaintiff Certain Underwriters at Lloyd's Subscribing to Policy No. ANE2335078.20 ("Underwriters") seeking declaratory relief pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure to determine the rights, obligations and liabilities of the parties under a policy of insurance issued by Underwriters. This action seeks a determination that Underwriters are not obligated to defend and/or indemnify 28-30 B Street Acquisitions, LLC ("B Street") in connection with claims asserted by the Trustees of the Arya Condominium Trust (the "Trustees"). More specifically, Underwriters seek a declaration that Underwriters are not obligated to defend and/or indemnify B Street because coverage is precluded by the "insured vs. insured" exclusion issued with the policy.

**THE PARTIES**

1.      Underwriters are those individuals subscribing to a policy of insurance, No. ANE2335078.20, which is a Real Estate Developers and Owners Professional Liability policy issued by Underwriters to GFC Development, Inc. and administered by Hiscox Inc. ("Hiscox").

1

Underwriters at Lloyd's, London is an unincorporated association or market for insurance established and located in London, England. The Lloyd's member subscribing to Policy No. ANE2335078.20 is Syndicate 3624 whose sole owner is Hiscox Dedicated Corporate Member Limited, a U.K. corporation. Hiscox Dedicated Corporate Member Ltd is a wholly owned subsidiary of Hiscox plc, a U.K. holding company. Hiscox plc, in turn, is a subsidiary of Hiscox Ltd, a publicly traded entity incorporated in Bermuda and headquartered in London.

2.  B Street is a Massachusetts limited liability company with a usual place of business at 20 Fox Road, Waltham, Massachusetts. Upon information and belief, the member of B Street is GFC Development, Inc., a Massachusetts corporation.

3.  Charles Aggouras is an individual who resides at 47 Deer Path Lane, Weston, Massachusetts.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship with respect to Underwriters and the Defendants and the amount in controversy exceeds $75,000 exclusive of interests and costs.

5.  Venue properly lies with this Court pursuant to 28 U.S.C. § 1391 since the events giving rise to this complaint substantially arose and occurred in this judicial district. More specifically, the underlying actions concerns alleged property damage occurring in Massachusetts and the Underwriters policy was issued in Massachusetts.

## FACTS

### The Underlying Actions

6.  On or around December 8, 2020, B Street filed a lawsuit captioned *28-30 B Street Acquisitions, LLC v. Hawthorne Commercial Construction, LLC and Fidelity and Deposit*

*Company of Maryland*, Civil Action No. 2084CV02831, Suffolk County Superior Court (the "Surety Action"). A copy of the Surety Action Complaint is attached as **Exhibit A**.

7. The Surety Action concerns "the construction of a residential condominium building… located at 30 B Street/2 West Street, South Boston, Massachusetts (the "Project")."

8. More specifically, the Surety Action alleges that Hawthorne Commercial Construction, LLC ("Hawthorne") "failed to fully construct the Project in a good and workmanlike fashion and in accordance with the Project's construction documents."

9. Further, the Surety Action claims that "the Project has been plagued by water infiltration and moisture-related issues and damages including, but not limited to, water and other damage to several residential units contained within the Project and currently owned by third parties."

10. As to Fidelity and Deposit Company of Maryland ("Fidelity"), the Surety Action claims that it issued a performance bond "to serve as surety to ensure [Hawthorne's] prompt, non-defective and full completion of the Project." However, the Surety Action goes on to allege that Fidelity "has thus far failed to undertake an independent investigation into [B Street's] complaints and has failed to take any actions requested under the Bond."

11. As a result, the Surety Action alleges the following causes of action: Breach of Contract (Count I vs. Hawthorne); Breach of Express Warranty (Count II vs. Hawthorne); Indemnification (Count III vs. Hawthorne); Negligence (Count IV vs. Hawthorne); Breach of Contract (Count V vs. Fidelity); Chapter 93A Violations (Count VI vs. Hawthorne); Chapter 93A Violations (Count VII vs. Fidelity); and Specific Performance (Count VIII vs. Hawthorne and Fidelity).

3

12. Later, on or around October 21, 2021, a lawsuit was filed against B Street captioned *Trustees of the Arya Condominium Trust v. 28-30 B Street Acquisitions, LLC*, Civil Action No. 2184CV02452, Suffolk County Superior Court (the "Trustees Action"). A copy of the Trustees Action Complaint is attached as **Exhibit B**.

13. Like the Surety Action, the Trustees Action concerns the construction of "the Arya Condominium [located] at 30 B Street/ 2 West Street, South Boston, Suffolk County Massachusetts[.]"

14. The Trustees Action alleges that "Nikolaos Ligris, Christos Viores, and Charles Aggouras are the Trustees of the Plaintiff Arya Condominium Trust" and that the "Defendant [B Street] developed, designed, constructed, marketed and/or initially managed the Condominium."

15. However, the Trustees Action goes on to allege that "less than a month after the City of Boston issued a final certificate of occupancy as to the Condominium, [B Street] was notified by the owner of unit no. 101…of an active water leak in the ceiling following a rainstorm" and that "at numerous times during the years 2018 and 2019, several units within the Condominium also experienced water infiltration and other problems arising from [B Street's] defective and incomplete work[.]"

16. As such, the Trustees Action asserts the following causes of action against B Street: Negligence (Count I); and Breach of the Implied Warranty of Habitability (Count II).

17. The Surety Action and the Trustees Action have since been consolidated.

18. Charles Aggouras, one of the Plaintiffs in the Trustees Action, entered into a "Firewall and Consent Agreement" with B Street's defense counsel because he "is the primary individual at [B Street] who has sufficient knowledge and involvement in the condominium project sufficient to act on its behalf as defense counsel's client contact in the defense of the [Trustees

4

Action]" and because "Charles Aggouras is named in the [Trustees Action] as one of the three plaintiff Trustees of the Arya Condominium Trust." A copy of the Firewall and Consent Agreement is attached as **Exhibit C**.

19. Under the terms of the Firewall and Consent Agreement, Mr. Aggouras agreed to, among other things, to "not assist or participate in the prosecution of the plaintiff's claims asserted in the [Trustees Action.]"

## The Policy

20. Underwriters issued Real Estate Developers and Owners Professional Liability Policy No. ANE 2335078.20 to GFC Development, Inc. for the **Policy Period** of May 12, 2021 to November 18, 2021 (the "Policy"). A copy of the Policy is attached as **Exhibit D**.

21. Subject to its terms and conditions, the Insuring Agreement of Coverage Part B, Construction and Development Services, of the Policy provides:

> B. **We** will pay up to the Construction and Development Services limit stated in the Declarations for **damages** and **claim expenses** in excess of the **retention** for covered **claims** against **you** alleging a negligent act, error, or omission in **your construction and development services** performed by **you** or on **your** behalf on or after the **retroactive date**, provided the **claim** is first made against **you** during the **policy period** and is reported to **us** in accordance with Section V. Your obligations.

22. The Policy defines **You**, **your** or **insured** to mean "any individual or entity expressly described as an **insured** in any Coverage Part **you** have purchased."

23. The Policy defines **Named Insured** to mean "the individual, corporation, partnership, limited liability company, limited partnership, or other entity identified in Item. 1 of the Declarations."

5

24. Endorsement 15 of the Policy, entitled "Additional Named Insured Endorsement" provides that 28-30 B Street Acquisitions, LLC is added to Item 1. of the Declarations as a **Named Insured**.

25. Exclusion 15 "Insured vs. insured" of Section IV. Exclusions – What is not covered of the Policy provides that:

> **We** will have no obligation to pay any sums under this Coverage Part, including **damages** or **claim expenses**, or other **covered amounts**, for any **claim** or other matter covered under Section II. Coverage enhancements and sublimits:
>
> 15. brought by or on behalf of one **insured** or **affiliate** against another **insured** or **affiliate**; however, this exclusion will not apply to a **claim** brought by any:
>
>     a. **affiliate** that is otherwise covered under Section II. Coverage enhancements and sublimits, B. Investors coverage; or
>
>     b. **additional insured** that is not an **affiliate** against another **insured** based upon or arising out of any other **insured's** performance of **professional services** for the **additional insured**.

26. The Policy defines **insured** to mean "a **named insured**, **subsidiary**, **joint venture**, **acquired entity**, **special purpose entity**, **insured organization**, **employee**, **independent contractor**, or **additional insured**[.]"

27. The Policy defines **affiliate** as any:

    1. person or entity which wholly or partly owns, operates, controls, or manages the **named insured**;

    2. entity:

        a. which was operated, controlled, or managed by the **named insured**; or

        b. in which any **insured** has an ownership interest of 25% of more,

        at any time during or after the performance of the **professional services** giving rise to the **claim**; or

3.     entity for which any **insured** is an officer or director at the time the **claim** is made.

    **Affiliate** does not include a **subsidiary**, **acquired entity**, **joint venture**, or **special purpose entity**.

<u><strong>Hiscox's Coverage Position</strong></u>

28.     On or around January 13, 2021, counsel for B Street sent Hiscox, the administrator for the Policy, a Notice of Potential Claim. In the Notice of Potential Claim, counsel advised Hiscox that B Street commenced the Surety Action and that B Street "has or will be turning the Project over to the Trustees…Given that, despite [B Street's] best efforts, Project repairs remain outstanding, it is possible that the Trustees will file a claim or commence a lawsuit against [B Street] relating to the Project." A copy of the January 13, 2021 Notice of Potential Claim is attached as **Exhibit E**.

29.     Subsequently, on or around October 27, 2021, counsel for B Street sent Hiscox a Notice of Lawsuit advising Hiscox that the Trustees Action had been filed against B Street and demanded that Hiscox provide B Street with a defense and indemnification. A copy of the October 27, 2021 Notice of Lawsuit is attached as **Exhibit F**.

30.     On or around November 11, 2021, Hiscox notified B Street that it would defend it.

31.     Subsequently, on July 28, 2023, Hiscox issued a reservation of rights letter to B Street in which it advised B Street that it "will continue to provide B Street with a defense, subject to a full and complete reservation of rights and Hiscox's continued investigation into this **claim**." The July 28, 2023 reservation of rights letter reserved Hiscox's rights as to several exclusions

contained in the Policy and requested information from B Street. A copy of Hiscox's July 28, 2023 reservation of rights letter is attached as **Exhibit G**.

32. On August 24, 2023, counsel for B Street sent a letter to Hiscox in response to its reservation of rights. In the August 24, 2023 letter, counsel for B Street contended that Hiscox was "estopped from issuing a reservation of rights at this time." Further, counsel stated that B Street "intends to exercise its right to select its own defense counsel." A copy of B Street's August 24, 2023 letter is attached as **Exhibit H**.

33. On or around October 5, 2023, counsel for Hiscox sent B Street a supplemental reservation of rights letter in which it reserved its right to limit or deny coverage based on Exclusion 15 "Insured vs. insured". A copy of Hiscox's October 5, 2023 supplemental reservation of rights letter is attached as **Exhibit I**.

34. An actual controversy has arisen and presently exists between Underwriters and the Defendants regarding whether the Policy provides coverage to B Street for the Trustees Action.

**COUNT I – DECLARATORY JUDGMENT (INSURED VS. INSURED EXCLUSION)**

35. Underwriters restates and incorporates the allegations of Paragraphs 1 – 34 as if fully stated herein.

36. Exclusion 15 "Insured vs. insured" of Section IV. Exclusions – What is not covered of the Policy provides that:

> **We** will have no obligation to pay any sums under this Coverage Part, including **damages** or **claim expenses**, or other **covered amounts**, for any **claim** or other matter covered under Section II. Coverage enhancements and sublimits:
>
> 15. brought by or on behalf of one **insured** or **affiliate** against another **insured** or **affiliate**; however, this exclusion will not apply to a **claim** brought by any:

      a.    **affiliate** that is otherwise covered under Section II. Coverage enhancements and sublimits, B. Investors coverage; or

      b.    **additional insured** that is not an **affiliate** against another **insured** based upon or arising out of any other **insured's** performance of **professional services** for the **additional insured**.

37.    The Policy defines **insured** to mean "a **named insured**, **subsidiary**, **joint venture**, **acquired entity**, **special purpose entity**, **insured organization**, **employee**, **independent contractor**, or **additional insured**[.]"

38.    B Street is a **named insured** under the Policy and, therefore, also constitutes an **insured** under the Policy.

39.    The Policy defines **affiliate** as any:

    1.    person or entity which wholly or partly owns, operates, controls, or manages the **named insured**;

    2.    entity:

        a.    which was operated, controlled, or managed by the **named insured**; or

        b.    in which any **insured** has an ownership interest of 25% of more,

    at any time during or after the performance of the **professional services** giving rise to the **claim**; or

    3.    entity for which any **insured** is an officer or director at the time the **claim** is made.

    **Affiliate** does not include a **subsidiary**, **acquired entity**, **joint venture**, or **special purpose entity**.

40.    Charles Aggouras constitutes an **affiliate** under the Policy as he is a person who "operates, control or manages the **named insured** [B Street]."

41. More specifically, he is the "primary individual" at B Street. Further, B Street is managed by another LLC, MCHH LLC, which in turn, is managed by another LLC, Helios Holdings, LLC. Charles Aggouras is the manager of Helios Holdings, LLC.

42. Accordingly, the Trustees Action is a claim brought by or on behalf of an **affiliate** (Charles Aggouras) against another **insured** (B Street) and is precluded from coverage by Exclusion 15. "Insured vs. insured".

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff Underwriters requests that the Court enter Judgment as follows:

(a) Declaring that Underwriters is not obligated to defend and/or indemnify B Street with respect to the Trustees Action because Exclusion 15. "Insured vs. insured" precludes coverage; and

(b) Awarding Underwriters such further relief as is just and proper.

Respectfully submitted,

CERTAIN UNDERWRITERS AT LLOYD'S SUBSCRIBING TO POLICY NO. ANE2335078.20

By their attorneys,

*/s/ Lincoln A. Rose*
Scarlett M. Rajbanshi, BBO#666103
Lincoln A. Rose, BBO#691797
Peabody & Arnold LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210
(617) 951-2011
(617)-951-2069
srajbanshi@peabodyarnold.com
lrose@peabodyarnold.com

Dated:   May 14, 2024